Paul D. Jackson, Cal. St. Bar No. 59542
LAW OFFICES OF PAUL D. JACKSON
10951 Sorrento Valley Road, Suite 1-G
San Diego, CA 92121-1613
Voice (858) 552-4900
Fax (858) 552-4904
email paul@jacksonlaw.biz

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY MEAS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br>and DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No.:   11 CV 0823 JM (JMA)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RULE 12(f) MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES<br><br>DATE:　　　　June 27, 2011<br>TIME:　　　　10:00 A.M.<br>JUDGE:　　　Hon. Jeffrey T. Miller<br>COURT ROOM:　16<br>TRIAL DATE　　None Set |

//
//
//
//
//
//
//
//
//
//
//
//

# TABLE OF CONTENTS

I      SYNOPSIS........................................................... 2

II     F.R.C.P. 12(f) ALLOWS THE COURT TO STRIKE
IMPROPER AFFIRMATIVE DEFENSES.................................... 3

       A.     Under the *Twombly/Iqbal* Standards, Pleadings Must Contain Facts Showing Plausibility of a Claim........................................ 3

       B.     The *Twombly/Iqbal* Standards are Applicable to Affirmative Defenses......... 3

       C.     Affirmative Defenses Are Not Needed When a Simply Denial of the Plaintiff's Allegations Will Do................................................ 4

III    MANY OF THE INDIVIDUAL AFFIRMATIVE DEFENSES ARE DEFECTIVE..... 4

       A.     The Third Affirmative Defense...................................... 4

       B.     The Fourth Affirmative Defense..................................... 4

       C.     The Fifth Affirmative Defense...................................... 5

       D.     The Sixth Affirmative Defense...................................... 5

       E.     The Seventh Affirmative Defense.................................... 6

       F.     The Eighth Affirmative Defense..................................... 6

       G.     The Ninth Affirmative Defense...................................... 7

       H.     The Tenth Affirmative Defense...................................... 8

       I.     The Eleventh Affirmative Defense................................... 8

       J.     The Twelfth Affirmative Defense.................................... 9

       K.     The Thirteenth Affirmative Defense................................. 9

       L.     The Fourteenth Affirmative Defense................................ 10

       M.    The Eighteenth Affirmative Defense................................ 10

       N.     The Twenty-First Affirmative Defense.............................. 10

       O.     The Twenty-second Affirmative Defense............................. 11

       P.     The Twenty-Fifth Affirmative Defense.............................. 11

       Q.     The Twenty-sixth Affirmative Defense.............................. 11

       R.     The Twenty-seventh Affirmative Defense............................ 12

| Memorandum of Ps&As in Support of Plaintiff's Rule 12(f) Motion to Strike Defendant's Affirmative Defenses | Case No.: 11CV0823 JM (JMA) Page i |

i

# TABLE OF AUTHORITIES

**CASES**

*Anticancer Inc. v. Xenogen Corp.*, (S.D. Cal. 2007) 248 F.R.D. 278 . . . . . . . . . . . . . . . . . . . . . . . 3

*Ashcroft v. Iqbal*, (2009) 556 U.S. ___, 129 S.Ct. 1937. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-10, 12

*Bell Atl. Corp. v. Twombly*, (2007) 550 U.S. 544. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-10, 12

*Burlington Indus., Inc. v. Ellereth*, (1998) 524 U.S. 742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Faragher v. City of Boca Raton*, (1998) 524 U.S. 775. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Francisco v. Verizon South, Inc.*, (E.D. Va. 2010) 2010 U.S. Dist LEXIS 77083. . . . . . . . . . . . 3

*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, (5th Cir. 1985) 677 F2d 1045. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Los Angeles Airways, Inc. v. Davis*, (9th Cir. 1982) 687 F.2d 321. . . . . . . . . . . . . . . . . . . . . . . 6

*Saks v. Franklin Covey Co.*, (2nd Cir. 2003) 316 F.3d 337. . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 10

*Whittlestone, Inc. v. Handi–Craft Co.*, (9th Cir. 2010) 618 F3d. 970. . . . . . . . . . . . . . . . . . . . . 3


**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Rule 12(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-6, 8, 10, 11


**CALIFORNIA STATE STATUTES**

Code of Civil Procedure Sections 337-339. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Code of Civil Procedure Section 443.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Labor Code Section 201.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Labor Code Section 2850.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

| Memorandum of Ps&As in Support of Plaintiff's Rule 12(f) Motion to Strike Defendant's Affirmative Defenses | Case No.:   11CV0823 JM (JMA) Page ii |

ii

1    Pursuant to FRCP 8 and FRCP 12(f) of the Federal Rules of Civil Procedure, Plaintiff
2 Roy Meas moves to strike the majority of Defendant CVS Pharmacy, Inc.'s affirmative defenses
3 for failure to comport with pleading requirements set forth in the Federal Rules of Civil
4 Procedure.

# I

# SYNOPSIS

Plaintiff filed his Complaint in State Court on March 21, 2011.  Defendant filed its answer containing twenty-eight separate affirmative defenses in State Court on April 15, 2011 and removed the case to this Court four days later, on April 19, 2011.  Plaintiff first received a copy of the Answer on April 19, 2011.

The Answer simply throws the "kitchen sink" at Plaintiff's complaint by raising virtually every cognizable affirmative defense, 10 more than the 18 potential ones listed in F.R.C.P. 8(c)(1).  The majority of these are legally insufficient on their face and many do not even bear a logical relationship to the allegations in Plaintiff's complaint.  Many could not apply under any reasonable interpretation of the pleadings.  The absolute failure to put any facts in the affirmative defenses fails to provide Plaintiff with fair notice of the actual affirmative defenses which are applicable to his case and make it impossible for Plaintiff to discern which might actually have merit.

Attempting to conduct discovery on numerous pro forma defenses is time consuming and expensive to the litigants and likely to waste judicial resources attempting to resolve discovery disputes over matters that are actually irrelevant.  Moreover, due to the limits in the Federal Rules concerning the number of interrogatories and depositions, the need to conduct discovery on meritless pro forma defenses adversely affects Plaintiff's ability to conduct discovery on those items that actually are in issue.

//
//
//
//

# II

# F.R.C.P. 12(f) ALLOWS THE COURT TO STRIKE IMPROPER AFFIRMATIVE DEFENSES.

**A.  Under the *Twombly/Iqbal* Standards, Pleadings Must Contain Facts Showing Plausibility of a Claim.**

Federal Rule of Civil Procedure 12(f) allows a district court to "strike from a pleading any insufficient defenses or redundant, immaterial, impertinent, or scandalous matter." The purpose of a FRCP 12(f) motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Whittlestone, Inc. v. Handi–Craft Co.*, (9th Cir. 2010) 618 F3d. 970, 973. A Rule 12(f) motion is proper when a defense is insufficient as a matter of law since defenses consisting of mere conclusions of law have no efficacy. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, (5th Cir. 1985) 677 F2d 1045, 1057. Moreover, the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, (2007) 550 U.S. 544, 555 heightened pleading requirements to a "plausibility" standard, requiring that a party's factual allegations "must be enough to raise a right to relief above the speculative level." See also *Ashcroft v. Iqbal*, (2009) 556 U.S. ___, 129 S.Ct. 1937, 1940 extending the Twombly "plausibility" pleading standard to all civil actions.

**B.  The *Twombly/Iqbal* Standards are Applicable to Affirmative Defenses**

Under *Twombly* and *Iqbal*, pleadings can not contain wholly conclusionary allegations, but instead must contain "sufficient factual material" to state a claim which is "plausible on its face." *Iqbal*, 129 S. Ct. at 1940. The majority of district courts, including the Southern District of California, have held the *Twombly/Iqbal* standards applicable to affirmative defenses. See *Francisco v. Verizon South, Inc.*, (E.D. Va. 2010) 2010 U.S. Dist LEXIS 77083 at pgs 16-17 which notes that a "majority of district courts have extended the *Twombly-Iqbal* standard to a defendant's pleading of affirmative defenses" and footnote 3 in that case which cites dozens of cases so holding. Also, see *Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (in which the Hon. Rudi Brewster held *Twombly* applicable to affirmative defenses because "claims, counterclaims, and cross-claims, affirmative defenses also make claims to

1   relief").

2   **C.     Affirmative Defenses Are Not Needed When a Simply Denial of the Plaintiff's**
3        **Allegations Will Do.**

4   "An affirmative defense is defined as '[a] defendant's assertion raising new facts and
5   arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in
6   the complaint are true.'" *Saks v. Franklin Covey Co.*, (2nd Cir. 2003) 316 F.3d 337, 350.  An
7   affirmative defense is simply unnecessary if it is nothing more than a denial of the plaintiff's
8   allegation or it raises no new issues having a factual basis.  By inserting affirmative defenses that
9   are nothing more than a repeat of the denial of the plaintiff's allegations, the defendant is creating
10  "redundant [and] immaterial" pleadings which should be struck pursuant to F.R.C.P. 12(f).
11  //

12                    **III**
13  **MANY OF THE INDIVIDUAL AFFIRMATIVE DEFENSES ARE DEFECTIVE**
14  **A.     THE THIRD AFFIRMATIVE DEFENSE**  (Ex. 2, p. 2)

15      As a separate and distinct affirmative defense, Defendant alleges that the
    Complaint and each cause of action alleged therein are barred by the doctrines of
16      waiver, estoppel, unclean hands and/or laches.

17      **Reasons to Strike the Defense**:

18         The defense contains no allegation concerning any facts or prior litigation which
19  might bring the doctrines of waiver, estoppel, unclean hands or laches into play.  The
20  Plaintiff has no idea to Defendant is referring. The Affirmative Defense fails to contain
21  "sufficient factual material" to make it "plausible on its face" or put Plaintiff on notice as
22  to the factual grounds on which it is based and should be stricken under the
23  *Twombly*/*Iqbal* standard.

24  **B.     THE FOURTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 2)

25
    As a separate and distinct affirmative defense, Defendant alleges based on
26      information and belief that Plaintiff's Complaint and each cause of action are
    barred, in whole or in part, by the doctrines of res judicata and/or collateral
27      estoppel.

28  //

**Reasons to Strike the Defense**:

The defense contains no allegation concerning any prior litigation which might bring the doctrines of res judicata or collateral estoppel into play. The Plaintiff, who has never before been a party to any lawsuit, has no idea about what Defendant is referring. The Affirmative Defense should be stricken under Rule 12(f) as immaterial to this case and pursuant to the *Twombly/Iqbal* standard for failing to allege facts which render it plausible or put Plaintiff on notice as to the grounds on which it is based.

C. **THE FIFTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 2)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action alleged therein are barred in whole or in part, by the statute of limitations set forth in the Code of Civil Procedure sections 337-339, 443 and any other applicable statute of limitations.

**Reasons to Strike the Affirmative Defense**:

The Complaint alleges that the Plaintiff was employed by the Defendant from early in 2009 to January 17, 2011 (Ex. 1; p.29-23; 4:24-27), that he was improperly paid for November and December 2010 (Ex. 1, p.5:11-27), and that he was wrongfully discharged (Ex. 1, p.6:1-21). The suit was filed on March 21, 2011, two months after his discharge, within 4 months of the accrual of his wage claims, and within 26 months of his hire.

Cal. Code of Civil Procedure Sections 337-339 reference 3, 4, 5, and 10 year statutes of limitation. There is no way any of them could plausibly be applicable to this case. Moreover, C.C.P. section 443 referenced by the defense does not even exist. This Affirmative Defense simply sets forth an unplausible conclusory allegation and should be stricken under Rule 12(f). If Defendant actually feels there is some validity to the defense, it still fails to meet the *Twombly/Iqbal* standard of setting forth any facts that make it plausible.

D. **THE SIXTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 2)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint and each and every cause of action therein, is barred because any

conduct and actions taken by Defendant with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion and/or justified by legitimate and substantial business reasons and thus were protected by the managerial privilege.

**Reasons to Strike the Affirmative Defense**:

The so called "manager's privilege" is a defense available to a supervisory individual who is sued for interference with contract because the supervisory employee induced the employer of both himself and the plaintiff to fire the plaintiff. *Los Angeles Airways, Inc. v. Davis*, (9th Cir. 1982) 687 F.2d 321, 326. However, the plaintiff here has not brought a cause for interference with contract and has not sued anyone at all on an individual basis. The Affirmative Defense is simply inapplicable and immaterial to the Plaintiff's allegations in this case and should be stricken pursuant to Rule 12(f).

E. **THE SEVENTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 3)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint cannot be maintained against Defendant because, at all relevant times, Defendant and its agents acted without malice, reasonably and with a good faith belief in the propriety of their conduct at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted.

**Reasons to Strike the Affirmative Defense**:

Plaintiff did plead that Defendant acted with malice (Ex. 1, p.6:28-7:5), and he would need to prove that fact in order to prevail on his request for punitive damages. However, this "affirmative defense" is nothing more than a denial of Plaintiff's allegations. It should be stricken as redundant pursuant to Rule 12(f). Further, it contains no allegations of anything that rises to the level of a proper Affirmative Defense under *Twombly/Iqbal* and should be stricken on that basis as well.

F. **THE EIGHTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 3)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred in that there were legitimate, non-retaliatory reasons for each and every employment practice and/or action allegedly taken by Defendant that is alleged to have adversely affected Plaintiff.

//

**Reasons to Strike the Affirmative Defense**:

This defense is completely unnecessary since it is nothing more than a denial of Plaintiff's allegations. *Saks v. Franklin Covey Co.*, (2nd Cir. 2003) 316 F.3d 337, 50. It is, therefore, redundant and should be stricken pursuant to Rule 12(f). Further, the defense contains no factual averments at all about the supposed "legitimate, non-discriminatory" reasons for Plaintiff's termination. The Plaintiff has no idea to what Defendant is referring. If Defendant wants to plead that it has legitimate bases for its defenses, Defendant should state what those bases are. The Affirmative Defense fails to contain "sufficient factual material" to make it "plausible on its face" or put Plaintiff on notice as to the grounds on which it is based and should also be stricken based on the *Twombly/Iqbal* standards.

//

G. **THE NINTH AFFIRMATIVE DEFENSE** (Ex. 2, p. 3)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff s Complaint, and each and every cause of action therein, is barred to the extent any purportedly unlawful or other wrongful acts of any person employed by Defendant were outside the scope of that employee's authority, that such acts, if any, were not authorized, ratified or condoned by Defendant, and that Defendant did not know or have reason to be aware of such alleged conduct.

**Reasons to Strike the Affirmative Defense**:

This defense might make sense if the Plaintiff were complaining about a co-worker attacking him or some other work-place incident for which his actual employer might be found to have no liability. However, Plaintiff complains only that he was not properly paid and that his superiors wrongfully terminated him in violation of public policy. (Complaint, Ex. 1.) There is no conceivable basis under which an employer is not liable for the failure to pay its employees or their wrongful termination. The defense is immaterial and should be stricken pursuant to Rule 12(f).

However, if Defendant feels some fact actually supports this defense, the defesen still fails to meet the *Twombly/Iqbal* standards, and it should be stricken with leave given to amend the defense so that it contains "sufficient factual material" to make it "plausible

on its face" and put Plaintiff on notice as to its factual basis.

**H.     THE TENTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 3)

As a separate and distinct affirmative defense, Defendant alleges that it is not liable for any injuries or damages of Plaintiff, if any, which were caused by factors other than any act or omission of Defendant and/or were caused by Plaintiff's own conduct and/or negligence.

**Reasons to Strike the Affirmative Defense**:

This Affirmative Defense denies liability for the "damages of Plaintiff, if any" caused by the Plaintiff himself.  The defense, however, alleges the existence of no fact that would suggest that Defendant has any reason to believe that Plaintiff has been damaged through his own "conduct and/or negligence."  The defense simply does not rise to the "plausibility" standard required by *Twombly/Iqbal* of containing factual allegations that raise a claim "above the speculative level."  If Defendant believes factual support exists for this defense, it should set it out in at least general terms.  Plaintiff should not have to waste time and resources conducting discovery only to discover that Defendant has no facts to support its pleading.

**I.     THE ELEVENTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 2)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, by Plaintiffs failure to exhaust appropriate internal remedies, as required by CVS Pharmacy, Inc.'s employment policies.

**Reasons to Strike the Affirmative Defense**:

Plaintiff's complaint is limited to a request for unpaid wages and wrongful termination. (Complaint, Ex. 1.)  No authority supports the proposition that an employer can limit an employee's right to file suit with regard to such claims by establishing a policy that requires exhaustion of "appropriate internal remedies."  Even if the law allowed such a defense, this Affirmative Defense does not actually state any such policy existed.  It should be stricken under Rule 12(f) as immaterial and for failing to meet *Twombly/Iqbal* standards.

//

**J.     THE TWELFTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 4)

As a separate and distinct affirmative defense, Defendant is informed and believes and on that ground alleges that Plaintiff's Complaint and damages, if any, are barred either in whole or in part by the doctrine of avoidable consequences.

**Reasons to Strike the Affirmative Defense**:

This Affirmative Defense fails to allege facts which render it plausible or put Plaintiff on notice as to the grounds on which it is based.  The defense simply sets forth a conclusory allegation without providing any factual link to its applicability.  It should be stricken for failure to meet the *Twombly/Iqbal* standards.  Moreover, while the Faragher/Ellerth cases (*Faragher v. City of Boca Raton*, (1998) 524 U.S. 775); *Burlington Indus., Inc. v. Ellereth*, (1998) 524 U.S. 742) expanded the avoidable consequences defense into employment situations where an employee has a harassment claim that did not result in an adverse action, Plaintiff here has no harassment cause.  He merely claims that he was not paid properly and then terminated for complaining about not being properly paid. (Complaint ¶¶ 37, 44.)  The defense is not even applicable to Plaintiff's claims and should be stricken under Rule 12(f) as immaterial.

**K.     THE THIRTEENTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 4)

As a separate and distinct affirmative defense, Defendant alleges that if any emotional and/or mental distress or any other harm was, in fact, suffered by Plaintiff it was proximately caused by factors other than any act or omission of Defendant.

**Reasons to Strike the Affirmative Defense**:

This Affirmative Defense fails to allege any facts which render it plausible or put Plaintiff on notice of the bases for the claim that he was improperly paid and/or terminated because of some "other factor" not caused by his defendant employer.  This conclusionary defense should be stricken as it does not rise to the "plausibility" standarsd required by *Twombly/Iqbal* of containing factual allegations that raise the defense "above the speculative level."

//

//

L. **THE FOURTEENTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 4)

As a separate and distinct affirmative defense, Defendant is informed and believes and on that ground alleges that Plaintiff has failed, refused and/or neglected to mitigate the damages complained of in the Complaint.

**Reasons to Strike the Affirmative Defense**:

This Affirmative Defense fails to allege facts which render it plausible or put Plaintiff on notice as to the grounds on which it is based. The conclusionary defense should be stricken as it does not rise to the "plausibility" standard required by *Twombly/Iqbal* of containing factual allegations that raise the defense "above the speculative level."

M. **THE EIGHTEENTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 4)

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's damages for emotional distress are barred in that conduct by Defendant neither contravened any established public policy nor exceeded the inherent risks of employment.

**Reasons to Strike the Affirmative Defense:**

This Affirmative Defense is nothing more than a denial of Plaintiff's claim that he has been damaged by Defendant's conduct. Mere denials of liability are not proper affirmative defenses. *Saks v. Franklin Covey Co.*, (2nd Cir. 2003) 316 F.3d 337, 350. It should be stricken under Rule 12(f) as immaterial and pursuant to *Twombly/Iqbal* for failing to set forth any factual basis for the defense's claim.

N. **THE TWENTY -FIRST AFFIRMATIVE DEFENSE**  (Ex. 2, p. 5)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred and/or Plaintiff's recovery of damages is limited in whole or in part by after-acquired evidence.

**Reasons to Strike the Affirmative Defense:**

A defense asserting the after-acquired doctrine requires the existence of some item of evidence which would invoke the doctrine; Plaintiff is unable to discern from this defense whether Defendant actually has any evidence or is merely making a claim to a defense it "hopes" to be able to raise in the future. A claim or defense must contain

1  "sufficient factual material" to state a claim or defense which is "plausible on its face."
2  *Iqbal*, 129 S. Ct. at 1940.  This defense states no facts whatsoever.  The defense should be
3  stricken with Defendant given leave to replead the defense if it has facts to raise the
4  defense beyond the level of speculation.

**O.    THE TWENTY-SECOND AFFIRMATIVE DEFENSE**  (Ex. 2, p. 5)

As a separate and distinct affirmative defense, Defendant alleges that it paid Plaintiff all wages owed to him within the appropriate time period.

**Reasons to Strike the Affirmative Defense**:

Plaintiff has pled that Defendant violated California Labor Code section 201 which requires employers to pay fired employees everything they are owed on the very day that they are fired. (Ex. 1, p.7:8-16.)  However, the "affirmative defense" should be stricken under Rule 12(f) as completely unnecessary since it is nothing more than a denial of Plaintiff's allegations.

**P.    THE TWENTY -FIFTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 5-6)

As a separate and distinct affirmative defense, Defendant alleges that some or all of the hours allegedly worked by Plaintiff and claimed as causing a failure to pay all wages due were de minimis and do not qualify as compensable hours worked within the meaning of the California Labor Code and the Wage Order(s) issued by the California Industrial Wage Commission.

**Reasons to Strike the Affirmative Defense:**

Plaintiff has not alleged that he was not paid for the time he worked, he has merely claimed that he was not paid timely and that he was paid at his regular rate of pay for hours for which he should have been paid at an overtime rate.  (Complaint, Ex. 1.)  The complaint raises no issue of his not being paid for "compensable hours."  Therefore, the "defense" that the hours he worked were not compensable at all bears no relationship to the pleadings and should be stricken under Rule12(f) as redundant and immaterial.

**Q.    THE TWENTY-SIXTH AFFIRMATIVE DEFENSE**  (Ex. 2, p. 6)

As a separate and distinct affirmative defense, Defendant alleges that the claims asserted are barred to the extent Plaintiff released the claims and damages sought and/or acknowledged an accord and satisfaction of any claim asserted in the Complaint.

**Reasons to Strike the Affirmative Defense:**

If Defendant actually believes there was an "accord and satisfaction," it should state whether this was oral or in writing, when it occurred, or to comply with the *Twombly/Ibqal* standard, set forth some other form of "sufficient factual material" to state a defense which is "plausible on its face." This defense as set forth contains no facts whatsoever and appears to be pure speculation. The defense should be stricken with Defendant given leave to replead the defense if it has facts to raise the defense beyond the level of speculation.

R.  **THE TWENTY-SEVENTH AFFIRMATIVE DEFENSE** (Ex. 2, p. 6)

As a separate and distinct affirmative defense, Defendant alleges that to the extent evidence of such defense is developed in discovery, Plaintiff violated, at a minimum, his obligations as an employee set forth in section 2850 et seq. of the California Labor Code.

**Reasons to Strike the Affirmative Defense:**

This Affirmative Defense not only fails to allege facts which render it plausible or put Plaintiff on notice as to the grounds on which it is based, but expressly indicates that there is no current factual basis for the claim. Affirmative Defenses based on conjecture as to what may later be discovered do not meet the standard required by *Twombly/Iqbal*.

Moreover, California Labor Code Section 2850 refers to the requirements of care placed on "One who, without consideration, undertakes to do a service for another...." The complaint contains no allegations that Plaintiff undertook to perform any services without compensation. If Defendant feels that it has a valid affirmative defense based on Plaintiff's violation of one of the hundreds of Labor Code Sections beyond Section 2850, it needs to set forth the specific code section it feels applicable. Otherwise, the affirmative defense does not give Plaintiff fair notice of what law he is supposed to have violated. The defense should be stricken.

//

For the foregoing reasons, Plaintiff respectfully requests that the Court strike the Defendant's 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th, 18th, 21st, 22nd, 25th, 26th and 27th

affirmative defenses.

                                          Respectfully submitted,
                                          Law Offices of Paul D. Jackson

Dated: May 9, 2011                               s/ Paul D. Jackson
                                                     Paul D. Jackson
                                                     Attorneys for Plaintiff