1   Paul D. Jackson, Cal. St. Bar No. 59542
    LAW OFFICES OF PAUL D. JACKSON
2   10951 Sorrento Valley Road, Suite 1-G
    San Diego, CA 92121-1613
3   Voice (858) 552-4900
    Fax (858) 552-4904
4   email paul@jacksonlaw.biz

5   Attorneys for Plaintiff

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROY MEAS,                          Case No.:  11 CV 0823 JM (JMA)

12                    Plaintiff,        DECLARATION OF PAUL D. JACKSON IN
                                        SUPPORT OF PLAINTIFF'S RULE 12(f) MOTION
13  v.                                  TO STRIKE DEFENDANT'S AFFIRMATIVE
                                        DEFENSES
14  CVS PHARMACY, INC.,
    and DOES 1-50, inclusive,           DATE:              June 27, 2011
15                                      TIME:              10:00 A.M.
                      Defendants.       JUDGE:             Hon. Jeffrey T. Miller
16                                      COURT ROOM:        16
                                        TRIAL DATE         None Set
17

18          I, the undersigned, an attorney at law duly licensed to practice law in this court and the

19  attorney of record for Roy Meas, declare as follows:

20  //

21          1.      I first received a copy Defendant CVS Pharmacy, Inc.'s Answer to Plaintiff's

22  Complaint on April 19, 2011.

23          2.      Attached to this declaration as Exhibit 1 is a true and correct copy of Plaintiff's

24  Complaint filed in state court on March 21, 2011.  (This Court's docket item 1-2.)

25  //

26  //

27  //

28  //

1        3.      Attached to this declaration as Exhibit 2 is a true and correct copy of Defendant

2    CVS Pharmacy, Inc.'s Answer to Plaintiff's Complaint filed in state court on April 15, 2011.

3    (This Court's docket item 1-5.)

4    //

5        I declare under penalty of perjury under the laws of the United States that the foregoing is

6    true and correct of my own knowledge, except as to the matters, if any, stated as being based on

7    information and belief, and as to any such matters I believe it to be true.  Executed at San Diego,

8    California on May 9, 2011.

9                                    Respectfully submitted,

10                                   Law Offices of Paul D. Jackson

11

12   Dated: May 9, 2011              s/ Paul D. Jackson

13                                   Paul D. Jackson

                                        Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Declaration of Paul D. Jackson in Support of Plaintiff's Rule 12(f) Motion to Strike Defendant's Affirmative Defenses | Case No.:   11CV0823 JM (JMA) Page 2 |

# Exhibit 1

1   Paul D. Jackson, Cal. St. Bar No. 59542
    LAW OFFICES OF PAUL D. JACKSON
2   10951 Sorrento Valley Road, Suite 1-G
    San Diego, CA 92121-1613
3   Voice (858) 552-4900
    Fax (858) 552-4904
4   email paul@jacksonlaw.biz

5   Attorneys for Plaintiff

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                    SAN DIEGO JUDICIAL DISTRICT

10

11  ROY MEAS,                          Case No.: 37-2011-00087959-CU-WT-CTL

12                  Plaintiff,         COMPLAINT FOR DAMAGES FOR:

13  v.                                 1)   FAILURE TO PAY WAGES DUE;

14  CVS PHARMACY, INC.,                2)   IMPROPER DEDUCTIONS FROM EARNED
    and DOES 1-50, inclusive,               WAGES;
15
                    Defendants.        3)   WRONGFUL TERMINATION IN
16                                          VIOLATION OF PUBLIC POLICY; and

17                                     4)   VIOLATION OF LABOR CODE 201;

18                                          DEMAND FOR JURY TRIAL

19

20                        **BACKGROUND FACTS**

21  1.      CVS PHARMACY, INC., (hereafter "CVS") is a California corporation headquartered in

22  Woonsocket, RI and doing business in San Diego, CA.

23  2.      Plaintiff is unaware of the true names and/or capacities of the persons sued as DOES 1-

24  50, inclusive, and therefore sues such DOES pursuant to Code of Civil Procedure Section 474.

25  Plaintiff is informed and believes and thereon alleges herein that each of the fictitiously named

26  Defendants is responsible for the occurrences alleged herein and is liable to Plaintiff for the

27  damages proximately caused thereby.  Plaintiff will amend this Complaint to set forth the true

28  names and capacities of such DOES when their true identities and/or capacities become known.

1    3.    Plaintiff is informed and believes and thereon alleges that each of the natural persons

2    other than Plaintiff referred to herein, either by true name or by a fictitious name, was an officer,

3    employee or agent of CVS and was acting, at least in part, in the course and scope of his or her

4    employment or official duties as such officer, employee or agent and that CVS is, therefore,

5    liable for the acts and omissions of each such natural person under the doctrine of respondeat

6    superior.

7    4.    Plaintiff Roy Meas (hereafter "Plaintiff" or "Meas") is a natural person and a resident of

8    the State of California.

9    5.    Plaintiff was hired by Longs Drug Stores, Inc. as a "Pharmacy Technician" in or about

10    February of 2007.

11    6.    Plaintiff's duties as a pharmacy technician involved entering information from patients'

12    prescriptions into a computer system and scanning the actual prescription.  The computer system

13    then creates a label showing the quantity of the drug the pharmacist should give the patient which

14    is based on both the prescription written by the patient's doctor and the quantity of the

15    medication for which the patient's insurance will pay at one time.  After the pharmacy technician

16    has performed his duties as just stated, the pharmacist reviews the prescription, places the proper

17    amount of the medication in a bottle, places the bottle in a bag, and places the bag in an area to

18    be picked up by the pharmacy technician and eventually delivered to the patient.

19    7.    Plaintiff was not assigned to a particular store by Longs, but worked short stints at

20    various stores primarily filling in for other technicians who were ill or on vacation.  None-the-

21    less, during the entire time of his employment with Longs Drug Stores, Inc., Plaintiff was a full-

22    time employee making $25,000 to $30,000 per year.

23    8.    In early 2009, Longs Drug Stores, Inc. was acquired by Defendant CVS.

24    9.    Plaintiff's duties, and the interplay between the duties of a pharmacy technician and a

25    pharmacist, did not change after CVS acquired Longs.

26    10.    Longs employed a "scheduler" that was aware of what stores in the San Diego area

27    needed workers and who assigned Plaintiff his work locations.  CVS did not have a scheduler,

28    and after CVS acquired Longs, Plaintiff was required to call around to various stores and/or wait

1   to be called by an individual store's management to get his assignments.  While Plaintiff's work

2   days were at first cut down after CVS became his new employer, Plaintiff was back to full time

3   in 2010 earning over $30,000 for that year.

4   11.     When Plaintiff viewed his timecard report for October 31, 2010 to November 6, 2010, he

5   noticed that although he had worked 2 hours and 20 minutes on November 3, 2010, he was not

6   given manager approval for this time.

7   12.     Plaintiff complained to the manager at the CVS located in the Gaslamp District of San

8   Diego where his checks were given to him about the short payment for November 3, 2010.

9   13.     When Plaintiff viewed his timecard report for November 14, 2010 to November 20, 2010,

10  he noticed that he was approved for 25 minutes less than he had actually worked.  Plaintiff again

11  complained to management.

12  14.     CVS's normal practice is to pay employees at a rate of 1.5 times their normal pay rate for

13  working on holidays other than Christmas and 2 times their normal rate for working on

14  Christmas.

15  15.     Plaintiff worked on Veteran's Day, November 11, 2010, and was originally paid overtime

16  for this work.  However, when receiving his paycheck advice dated December 3, 2010, Plaintiff

17  noticed he had been docked 4 hours of overtime pay.

18  16.     Plaintiff complained about this to the manager of CVS's Gaslamp store and to CVS's

19  Human Resources staff and demanded that his pay be returned to him and was given the

20  explanation that holiday overtime was only paid to full-time employees and Plaintiff was

21  considered a part-time employee.

22  17.     Despite the store manager's and the Human Resources representative's explanations,

23  Plaintiff had been working 40 hours a week for most of 2010, and Plaintiff's full-time status had

24  never been an issue before. Plaintiff therefore continued to complain and demand proper

25  payment.

26  18.     Despite his complaints and demands, Plaintiff was never properly compensated for his

27  time worked on November 11, 2010.

28  19.     Plaintiff worked on Christmas Day, December 25, 2010, and was originally paid overtime

3

1   for this work.  However, when receiving his paycheck advice dated January 7, 2011, Plaintiff

2   noticed he had been docked 5 hours of overtime pay from the work performed on Christmas Day.

3   20.      Plaintiff complained to management about the docking of his Christmas Day pay on or

4   about January 10, 2011 and again demanded that he be paid the money he was due; however,

5   Plaintiff was given the same explanation as for the earlier docking.

6   21.      Despite his complaints and demands, Plaintiff was never properly compensated for his

7   time worked on December 25, 2010.

8   22.      In early January 2011, Plaintiff received a prescription from a patient for five pills of a

9   particular antibiotic.

10   23.      Plaintiff entered the patient's information into the computer system as normal, and the

11   computer system produced a label for the pharmacist.  The patient's insurance would only pay for

12   three pills of that particular medication at any one time, and so the label produced by the

13   computer system was for three pills.  The pharmacist counted out three pills and bagged the

14   medication to be picked up by the patient.

15   24.      The patient later called the pharmacy to complain about receiving only three pills instead

16   of the five prescribed.  Plaintiff spoke with the patient and explained this was because the

17   patient's insurance would only approve three at a time, but that as soon as those three had been

18   used, he could come back in and the insurance would then pay for the other two.

19   25.      The patient was not satisfied with Plaintiff's explanation and complained to CVS

20   management.

21   26.      On January 12, 2011, Plaintiff's district manager, Elizabeth Perles, called Plaintiff and

22   told him that he was suspended and should not come in to work on January 14th as he had been

23   scheduled.

24   27.      On the next day, Plaintiff had been scheduled to work, January 17, 2011, Ms. Perles again

25   called Plaintiff and asked him to come in to her office to talk.  Plaintiff came in to Ms. Perles'

26   office as requested whereupon he was told by Ms. Perles his employment was terminated and he

27   was given $300 in cash which he was told was a portion of his final wages.

28   28.      The reason given by Ms. Perles for Plaintiff's termination was his alleged gross

4

1   negligence in failing to properly fill the above mentioned patient's prescription.

2   29.    Plaintiff is informed and believes and thereon alleges that the pharmacist who had

3   actually filled the prescription received no discipline in connection with the above referenced

4   incident.

5   30.    Plaintiff received what was supposed to be his final paycheck on January 19, 2011.  The

6   payment did not include the amounts that had been deducted from his previous checks as alleged

7   above for the premium pay CVS gave full-time employee working on holidays.

8   //

9                           **FIRST CAUSE OF ACTION**

10                          **FAILURE TO PAY WAGES DUE**

11   31.    Plaintiff realleges each and every allegation as set forth, *supra*, and incorporates them

12   herein by reference as though fully set forth hereat.

13   32.    Defendants' continuing failure to pay Plaintiff the overtime he was due for his Veteran's

14   Day and Christmas work after his demand therefore, as referenced above, was an unlawful

15   breach of Defendant's obligations failure to pay him the wages that he was due which has

16   damaged Plaintiff in an amount to be proven at trial.

17         Wherefore, Plaintiff requests relief as prayed for herein.

18   //

19                          **SECOND CAUSE OF ACTION**

20                    **IMPROPER DEDUCTIONS FROM EARNED WAGES**

21   33.    Plaintiff realleges each and every allegation as set forth, *supra*, and incorporates them

22   herein by reference as though fully set forth hereat.

23   34.    Defendants' withholding from Plaintiff's paychecks for pay periods subsequent to the

24   checks issued for the pay periods that included Veteran's Day and Christmas in 2010 as aforesaid

25   was an unlawful "self help" remedy prohibited by Labor Code Sections 204, 216 and 221 and by

26   Code of Civil Procedure Section 487.020 which has damaged Plaintiff in an amount to be proven

27   at trial.

28         Wherefore, Plaintiff requests relief as prayed for herein.

# THIRD CAUSE OF ACTION

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

35.     Plaintiff realleges each and every allegation as set forth, *supra*, and incorporates them herein by reference as though fully set forth hereat.

36.     Defendant's reason for terminating Plaintiff's employment, alleged gross negligence in failing to properly fill a prescription for a patient, was a pretext.  The pharmacist, not the Plaintiff actually filled the prescription; indeed, it would have been illegal for the Plaintiff to have filled the prescription, and the quantity of medication given the patient was determined by the patient's insurance as is both CVS's and the industry's standard practice.

37.     Defendants' termination of Plaintiff's employment was actually made in retaliation for Plaintiff's complaints to CVS about its failure to pay him properly and the improper deductions made from his pay.

38.     In the alternative, if Defendants' termination of Plaintiff's employment was not made in retaliation for Plaintiff's complaints to CVS about his improper pay, it was made because he had not personally, and illegally, filled the above referenced patient's prescription.

39.     It is contrary to the public policy of the State of California for employers to terminate an employee based on an employee's request that the employer comply with California's wage and hour laws and/or because the employee has not violated and/or will not violate the laws regulating the dispensing of prescription medicines.

40.     Defendant's termination of Plaintiff based on the aforementioned grounds was contrary to the public policy of the State of California and thus a wrongful termination.

41.     As a proximate result of the aforementioned wrongful acts and/or omissions of Defendants, Plaintiff has suffered, and continues to suffer from: substantial losses in earnings and other employment related benefits; losses of promotional opportunities, embarrassment, humiliation, loss of self esteem and anguish; and from the physical manifestations of distress, all to his damages in an amount unknown at this time, but which will be shown according to proof at the time of trial.

42.     In performing the acts and/or omissions alleged herein, Defendants and each of them

1    acted maliciously, fraudulently, despicably and oppressively, with the wrongful intention of

2    injuring Plaintiff, from an improper and evil motive amounting to malice and in conscious

3    disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover exemplary and/or punitive

4    damages from Defendants in an amount unknown at this time, but which will be shown

5    according to proof to be presented at the time of trial.

6         Wherefore Plaintiff requests relief as prayed for herein.

7    //

8                          **FOURTH CAUSE OF ACTION**

9                        **VIOLATION OF LABOR CODE 201**

10   43.    Plaintiff realleges each and every allegation as set forth, *supra*, and incorporates them

11   herein by reference as though fully set forth hereat.

12   44.    Because Defendant failed to pay Plaintiff all of the wages he was due immediately upon

13   his discharge, Defendants violated Labor Code Section 201, and because they did not pay him all

14   of the wages he was due for working on Veterans Day and Christmas, Defendants are in

15   continuing violation of Labor Code Section 201.

16        Wherefore Plaintiff requests relief as prayed for herein.

17   //

18                          **REQUEST FOR RELIEF**

19        FOR THE FOREGOING REASONS, Plaintiff requests that he be afforded a jury trial on

20   all issues triable to a jury and that he be awarded joint and several relief from defendants as

21   follows:

22        1. For general damages according to proof at trial;

23        2. For special damages according to proof at trial;

24        3. For all statutory penalties to which he is entitled including those set forth in Labor

25   Code Section 203;

26        4. For prejudgment interest on the sums awarded according to proof at trial;

27        5. For an award of reasonable attorney's fees according to proof to be presented at a

28   post-trial motion;

                                  7

6. For all costs of suit incurred herein; and

7. For all such other and further relief as the Court may deem proper.

//

DATED: March 18, 2011                    BY: _____

                                         Paul D. Jackson
                                         Attorneys for Plaintiff

8

# Exhibit 2

1  JODY A. LANDRY, Bar No. 125743
   JOSHUA D. LEVINE, Bar No. 239563
2  LITTLER MENDELSON
   A Professional Corporation
3  501 W. Broadway
   Suite 900
4  San Diego, CA  92101.3577
   Telephone:     619.232.0441
5  Fax No.:       619.232.4302

6  Attorneys for Defendant
   CVS PHARMACY, INC.
7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SAN DIEGO

10 ROY MEAS,                          Case No.  37-2011-00087959-CU-WT-CTL

11              Plaintiff,            Assigned for all purposes:
                                      Hon. Ronald L. Styn / Dept. 62
12      v.

13 CVS PHARMACY, INC., and DOES 1-50,  DEFENDANT CVS PHARMACY, INC.'S
   inclusive,                          ANSWER TO PLAINTIFF'S COMPLAINT
14
                Defendants.            Complaint Filed:  March 21, 2011
15                                     Trial Date:  None Set

16

17

18      Defendant CVS Pharmacy, Inc. ("Defendant" or "CVS"), on its behalf only, hereby answers

19 the unverified complaint for damages ("Complaint") filed by Plaintiff Roy Meas ("Plaintiff") as

20 follows:

21                          **GENERAL DENIAL**

22      Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

23 Defendant denies generally and specifically each and every allegation contained in the Complaint.

24 In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the

25 manner alleged, or otherwise, by reason of any act or omission, or any other conduct or absence

26 thereof, on the part of Defendant or anyone acting on its behalf.  Without conceding that it has the

27 burden of proof or persuasion, Defendant also asserts the following affirmative defenses.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT CVS PHARMACY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action alleged therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff was an at-will employee with no entitlement to continued employment pursuant to section 2922 of the California Labor Code.

THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action alleged therein are barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges based on information and belief that Plaintiff's Complaint and each cause of action are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action alleged therein are barred in whole or in part, by the statute of limitations set forth in Code of Civil Procedure sections 337-339, 443 and any other applicable statute of limitations.

SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred because any conduct and actions taken by Defendant with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion and/or justified by legitimate and substantial business reasons and thus were protected by the managerial privilege.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

2.

DEFENDANT CVS PHARMACY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

SEVENTH AFFIRMATIVE DEFENSE

2      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint

3    cannot be maintained against Defendant because, at all relevant times, Defendant and its agents

4    acted without malice, reasonably and with a good faith belief in the propriety of their conduct at all

5    times material herein, based on all relevant facts and circumstances known by them at the time they

6    so acted.

7

EIGHTH AFFIRMATIVE DEFENSE

8      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint,

9    and each and every cause of action therein, is barred in that there were legitimate, non-retaliatory

10   reasons for each and every employment practice and/or action allegedly taken by Defendant that is

11   alleged to have adversely affected Plaintiff.

12

NINTH AFFIRMATIVE DEFENSE

13      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint,

14   and each and every cause of action therein, is barred to the extent any purportedly unlawful or other

15   wrongful acts of any person employed by Defendant were outside the scope of that employee's

16   authority, that such acts, if any, were not authorized, ratified or condoned by Defendant, and that

17   Defendant did not know or have reason to be aware of such alleged conduct.

18

TENTH AFFIRMATIVE DEFENSE

19      As a separate and distinct affirmative defense, Defendant alleges that it is not liable for any

20   injuries or damages of Plaintiff, if any, which were caused by factors other than any act or omission

21   of Defendant and/or were caused by Plaintiff's own conduct and/or negligence.

22

ELEVENTH AFFIRMATIVE DEFENSE

23      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each

24   cause of action set forth therein are barred, in whole or in part, by Plaintiff's failure to exhaust

25   appropriate internal remedies, as required by CVS Pharmacy, Inc.'s employment policies.

26   ///

27   ///

28   ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

3.

1

TWELFTH AFFIRMATIVE DEFENSE

2         As a separate and distinct affirmative defense, Defendant is informed and believes

3 and on that ground alleges that Plaintiff's Complaint and damages, if any, are barred either in whole

4 or in part by the doctrine of avoidable consequences.

5

THIRTEENTH AFFIRMATIVE DEFENSE

6     As a separate and distinct affirmative defense, Defendant alleges that if any emotional and/or

7 mental distress or any other harm was, in fact, suffered by Plaintiff it was proximately caused by

8 factors other than any act or omission of Defendant.

9

FOURTEENTH AFFIRMATIVE DEFENSE

10     As a separate and distinct affirmative defense, Defendant is informed and believes and on

11 that ground alleges that Plaintiff has failed, refused and/or neglected to mitigate the damages

12 complained of in the Complaint.

13

FIFTEENTH AFFIRMATIVE DEFENSE

14     As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to

15 state facts sufficient to set forth a cause of action for punitive or exemplary damages.

16

SIXTEENTH AFFIRMATIVE DEFENSE

17     As a separate and distinct affirmative defense, Defendant alleges that the provisions of

18 California law providing for the award of punitive or exemplary damages, and the substantive rules,

19 procedures and standards for determining the amount and/or whether or not to award such damages,

20 and if so, in what amount, violate the due process and equal protection rights of Defendant under the

21 Constitutions of the United States and the State of California.

22

SEVENTEENTH AFFIRMATIVE DEFENSE

23     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has failed to

24 allege special damages with requisite specificity.

25

EIGHTEENTH AFFIRMATIVE DEFENSE

26     As a separate and distinct affirmative defense, Defendant alleges Plaintiff's damages for

27 emotional distress are barred in that conduct by Defendant neither contravened any established

28 public policy nor exceeded the inherent risks of employment.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

4.

DEFENDANT CVS PHARMACY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that all requests for emotional and or physical distress type damages are barred to the extent that such were or are cognizable under the worker's compensation statutes of the State of California.

TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that to the extent that Plaintiff has been compensated for the same damages he now claims in this litigation, Defendant is entitled to a set-off for money Plaintiff has been paid, or will be paid, including any benefits.

TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred and/or Plaintiff's recovery of damages is limited in whole or in part by after-acquired evidence.

TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that it paid Plaintiff all wages owed to him within the appropriate time period.

TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges there exists a bona fide dispute as to whether any additional compensation is actually due to Plaintiff, and if so, the amount thereof.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, even if Plaintiff is entitled to any additional compensation, which Defendant denies, it has not willfully or intentionally failed to pay any such additional compensation to Plaintiff to justify an award of penalties or fees, whether under California Labor Code section 203 or otherwise.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that some or all of the hours allegedly worked by Plaintiff and claimed as causing a failure to pay all wages due were de minimis

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

5.

DEFENDANT CVS PHARMACY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1   and do not qualify as compensable hours worked within the meaning of the California Labor Code

2   and the Wage Order(s) issued by the California Industrial Wage Commission.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

4          As a separate and distinct affirmative defense, Defendant alleges that the claims asserted are

5   barred to the extent Plaintiff released the claims and damages sought and/or acknowledged an accord

6   and satisfaction of any claim asserted in the Complaint.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

8          As a separate and distinct affirmative defense, Defendant alleges that to the extent evidence

9   of such defense is developed in discovery, Plaintiff violated, at a minimum, his obligations as an

10   employee set forth in section 2850 *et seq.* of the California Labor Code.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

12          As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's maintenance

13   of this action is frivolous, vexatious and unreasonable, thereby entitling Defendant to recovery of its

14   reasonable attorney's fees.

ADDITIONAL DEFENSES

16          Defendant does not presently know all facts respecting conduct by Plaintiff sufficient to state

17   all affirmative defenses at this time.   Therefore, Defendant reserves the right to amend this Answer

18   should it later discover any facts demonstrating the existence of additional affirmative defenses.

19          WHEREFORE, Defendant prays that:

20          1.     The Court dismiss the Complaint in its entirety with prejudice and that Plaintiff take

21   nothing by way of the Complaint;

22          2.     The Court enter judgment against Plaintiff and in favor of Defendant;

23          3.     The Court award Defendant costs of suit and reasonable attorneys' fees incurred

24   herein; and

25   / / /

26   / / /

27   / / /

28   / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

6.

DEFENDANT CVS PHARMACY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1        4.      The Court award Defendant such other and further relief as it deems appropriate.

2

Dated: April 15, 2011

3

4

5                            JODY A. LANDRY

6                            JOSHUA D. LEVINE

7                            LITTLER MENDELSON
                              A Professional Corporation
                              Attorneys for Defendant

8                            CVS PHARMACY, INC.

9    Firmwide:101091201.1 057985.1052

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

7.

DEFENDANT CVS PHARMACY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT