1  JODY A. LANDRY, Bar No. 125743
   JOSHUA D. LEVINE, Bar No. 239563
2  LITTLER MENDELSON
   A Professional Corporation
3  501 W. Broadway
   Suite 900
4  San Diego, CA  92101.3577
   Telephone:    619.232.0441
5  Facsimile:    619.232.4302

6  Attorneys for Defendant
   CVS PHARMACY, INC.
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 ROY MEAS,                                Case No.  3:11-cv-00823-JM-JMA

11              Plaintiff,                  **DEFENDANT CVS PHARMACY, INC.'S**
                                            **MEMORANDUM OF POINTS AND**
12         v.                               **AUTHORITIES IN OPPOSITION TO**
                                            **PLAINTIFF'S MOTION TO STRIKE**
13 CVS PHARMACY, INC., and DOES 1 to        **DEFENDANT'S AFFIRMATIVE**
   50, inclusive,                           **DEFENSES**
14
                Defendants.                 Date:  June 27, 2011
15                                          Time:  10:00 a.m.
                                            Judge: Hon. Jeffrey T. Miller
16                                          Courtroom:  16
                                            Trial Date:  None Set
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE                          Case No. 3:11-cv-00823-JM-JMA

# I.    INTRODUCTION

Plaintiff Roy Meas ("Plaintiff" or "Meas") is a former CVS Pharmacy Technician that worked in San Diego, California.  Defendant CVS Pharmacy, Inc. ("CVS") terminated Meas in January 2011 after he improperly filled a prescription without following specific guidance from his Pharmacy Supervisor.  Meas' failure to dispense the prescribed number of antibiotic pills caused a CVS customer to suffer a gap in therapy.  According to the customer, the error resulted in physical harm and hospitalization.  CVS conducted an investigation that uncovered that Meas was, at least in large part, responsible for the failure to provide the patient with the proper amount of medication.  Meas responded to his termination by filing this lawsuit against CVS, alleging that he was fired, not because of any fault on his part, but rather as a result of unlawful retaliation stemming from his alleged complaints that CVS did not provide him sufficient holiday pay, or in the alternative, "because he had not personally, and illegally, filled the above referenced patient's prescription."  *See* Complaint, ¶¶ 37-38.

In the present motion, made without any prior attempt to meet and confer, Plaintiff seeks to strike almost every one of CVS's affirmative defenses.  Plaintiff bases this Motion on his assertion that the heightened pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) apply to all affirmative defenses.  Plaintiff is incorrect.  Neither *Twombly* nor *Iqbal* addressed affirmative defenses and the Ninth Circuit has *never* extended the standards of either *Twombly* or *Iqbal* in that manner.  In addition, while some district courts have applied the *Twombly/Iqbal* standards to affirmative defenses, the majority of recently-decided district court decisions in the Ninth Circuit, including at least five decisions in 2011 alone, have reached the opposite conclusion.

CVS's affirmative defenses are plainly stated and provide Plaintiff with fair notice of each defense, particularly given the vagueness and ambiguity in Plaintiff's own Complaint.  It is unnecessary and unjust to expect CVS to plead its affirmative defenses at the infancy of this case to the same standard as Plaintiff, who has had months to prepare his own pleadings.  Indeed, CVS has yet to receive any discovery or had the opportunity to depose Plaintiff.  Requiring CVS's affirmative defenses to meet Plaintiff's asserted standard would also hinder judicial economy by forcing CVS to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

1.

Case No. 3:11-cv-00823-JM-JMA

file repetitive and unnecessary requests for leave to amend and amendments to its Answer. It would also prejudice CVS by forcing it to potentially waive affirmative defenses that it has every right to assert in good faith at this early stage in the litigation.

Although CVS disputes the merit of Plaintiff's motion as to each affirmative defense at issue, in an effort to address Plaintiff's concerns, CVS does not oppose the Court's dismissal of its Fourth, Sixth, Seventh, Eighteenth, Twenty-Second and Twenty-Fifth Affirmative Defenses without prejudice to CVS's ability to re-plead those defenses if appropriate in the future. However, as motions to strike affirmative defenses are disfavored and each of Defendant's defenses provide Plaintiff fair notice, the Court should deny Plaintiff's motion as to all other affirmative defenses.

## II.   PROCEDURAL HISTORY

This case is currently in the initial discovery stage. Plaintiff filed his Complaint on March 21, 2011 and served a copy of the Summons and Complaint on CVS on March 24, 2011. CVS filed an Answer in state court on April 15, 2011. CVS then removed the case to federal court based on diversity jurisdiction on April 19, 2011. Plaintiff filed the present Motion to Strike on May 9, 2011. The parties participated in an Early Neutral Evaluation Conference on May 24, 2011. To date, neither party has exchanged discovery responses or documents. CVS also has not yet had the opportunity to depose Plaintiff.

## III.   DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD NOT BE HELD TO HEIGHTENED PLEADING STANDARDS

### A.   Under Rule 8(c), A Defendant Is Only Required To "State" Affirmative Defenses In A Manner Sufficient To Give Plaintiff Fair Notice Of The Defense

Federal Rule of Civil Procedure 8(c) sets forth the relevant standard for affirmative defenses and requires only that a responding party must affirmatively "state" any affirmative defense. Rule 8(c) goes on to provide a bulleted list of example affirmative defenses, often consisting of only a single word. *See, e.g.,* Fed. R. Civ. Proc. 8(c)(1) (describing a list of sample affirmative defenses under Rule 8(c)(1) in four words or less, including "estoppel," "duress," "laches," "release," "statute of limitations" and "waiver"). Accordingly, the Ninth Circuit has explained that "[t]he key to

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

2.

Case No. 3:11-cv-00823-JM-JMA

1    determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice

2    of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

3         **B.    The Heightened Pleading Standards In *Twombly* and *Iqbal* Do Not Apply To
              Affirmative Defenses**

4

5         Plaintiff's motion to strike relies entirely on his assertion that the heightened pleading

6    standards in *Twombly*, 550 U.S. 544 and *Iqbal*, 129 S.Ct. 1937 apply to all affirmative defenses.

7    From this premise, Plaintiff argues that each of CVS's affirmative defenses "must contain 'sufficient

8    factual material' to state a claim which is 'plausible on its face'" similar to the standard for

9    complaints under Federal Rule of Civil Procedure 8(c).  While there is a split among district courts

10   on this issue, the more recent, and better reasoned, Ninth Circuit district court cases have explicitly

11   rejected Plaintiff's broad reading of the *Twombly* and *Iqbal* holdings.

12        Significantly, neither the Ninth Circuit nor any other Circuit Court has held that the

13   heightened pleading standard of *Twombly* and *Iqbal* should apply to affirmative defenses.  *See In re*

14   *Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, 2011 U.S. Dist. LEXIS 33531 at *20 (W.D. Wash.

15   Mar. 25, 2011) ("It is an open question in the Ninth Circuit whether *Twombly* and *Iqbal* apply to

16   affirmative defenses"); *Lopez v. Asmar's Mediterranean Food, Inc.*, 2011 U.S. Dist. LEXIS 2265 at

17   *3 (E.D. Va. Jan. 10, 2011) ("To date, no appeals courts have considered whether this standard

18   should apply to affirmative defenses as well as claims for relief.").

19        Critically, the majority of recently-decided district court decisions in the Ninth Circuit, have

20   specifically rejected Plaintiff's assertion that the heightened pleading standard in *Twombly* and *Iqbal*

21   extend to affirmative defenses.  *See, e.g., Garber v. Mohammadi*, 2011 U.S. Dist. LEXIS 57190, at

22   *10-11 (C.D. Cal. Jan. 19, 2011) (denying motion to strike while holding that "this Court is not

23   convinced that *Twombly* should also apply to affirmative defenses"); *Bledsoe v. Cent. Credit*

24   *Holdings, Inc.*, 2011 U.S. Dist. LEXIS 56698, at *2-3 (D. Ariz. May 26, 2011) ("the pleading

25   standards enunciated in *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009),

26   have no application to affirmative defenses pled under Rule 8(c)(1)"); *Trustmark Ins. Co. v. C&K*

27   *Mkt., Inc.*, 2011 U.S. Dist. LEXIS 13448 at *3 (D. Or. Feb. 10, 2011): ("Until *Wyshak* is overruled I

28   am bound to follow it. Therefore, I decline to extend the plausibility pleading requirements of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE                    3.                    Case No. 3:11-cv-00823-JM-JMA

*Twombly* to affirmative defenses."); *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, 2011 U.S. Dist. LEXIS 33531 at *20 (W.D. Wash. Mar. 25, 2011) ("Plaintiffs argue that the heightened pleading standard of [*Twombly* and *Iqbal*] applies to affirmative defenses. The Court disagrees."); *J & J Sports Prods. v. Khachatrian*, 2011 U.S. Dist. LEXIS 22800 at *3, n.1 (D. Ariz. Feb. 23, 2011) ("Plaintiff's argument that the Court should apply the *Twombly* standard to Defendants' affirmative defense is misplaced....the *Twombly* standard does not apply to affirmative defenses but rather only applies to Rule 8(a)"); *but see Hudson v. First Transit, Inc.*, 2011 U.S. Dist. LEXIS 14097 at *3 (N.D. Cal. Feb. 3, 2011) (applying *Twombly's* heightened pleading standard based on prior precedent without further analysis).

        The recent trend declining to interpret *Twombly* and *Iqbal* to extend to affirmative defenses is unsurprising given the merit of arguments against the broad application of those holdings. Neither the plain text of Federal Rule of Civil Procedure 8 nor the *Twombly* and *Iqbal* decisions support Plaintiff's broad reading. In a recent decision rejecting the same arguments Plaintiff raises here, the U.S. District Court for the Central District of California explained as follows:

> While plaintiff contends that the pleading standard of [*Twombly*] should also apply to affirmative defenses, he acknowledges that the Supreme Court has never so held. To be sure, there is some lower court authority holding that *Twombly* does apply to affirmative defenses. However, the Ninth Circuit has yet to so hold, and this Court is not convinced that *Twombly* should also apply to affirmative defenses. Twombly addressed only Rule 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." (Emphasis added.) In *Ashcroft v. Iqbal*, the Supreme Court reasoned that "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but has not 'shown'-that the pleader is entitled to relief." In contrast to the language of Rule 8(a) governing claims, the pertinent language of Rule 8(b) governing defenses generally provides that "in responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." *See* Fed. R. Civ. P. 8(b)(1)(A). Further, Fed. R. Civ. P. 8(c)(1) governing affirmative defenses in particular provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," including the various listed defenses. Neither Rule 8(b) nor Rule 8(c) contains language that precisely corresponds to Rule 8(a)'s language requiring that the pleader "show" that he is entitled to relief. Whether any of defendants' affirmative defenses have been asserted in violation of Fed. R. Civ. P. 11(b)(4) is an issue that simply is not appropriate for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE                4.                Case No. 3:11-cv-00823-JM-JMA

1    adjudication at this early stage of the proceedings, prior to plaintiff's
     propounding of discovery directed to those affirmative defenses.
2

3    *Garber v. Mohammadi*, 2011 U.S. Dist. LEXIS 57190, at *10-11 (C.D. Cal. Jan. 19, 2011) (denying

4    motion to strike affirmative defenses) (internal case citations omitted). [1]

5        Applying different standards for complaints than for affirmative defenses is also appropriate

6    given the different requirements, timelines and purposes of complaints and affirmative defenses.  As

7    the court explained in *Falley v. Friends Univ.*, 2011 U.S. Dist. LEXIS 40921 at *9 (D. Kan. Apr. 14,

8    2011):

9            A plaintiff may take years to investigate and prepare a complaint,
             limited only by the reigning statute of limitations. But once that
10           complaint is served, a defendant has only 21 days in which to serve an
             answer. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). And if a defendant fails to
11           state an affirmative defense in its answer, it risks waiver. *See* Fed. R.
             Civ. P. 12(g)(2), (h)(1)(A). It makes sense to require more factual
12           description of a plaintiff than a defendant under these circumstances.

13   *Id.* (denying motion to strike affirmative defenses after extensive consideration of district court

14   decisions on this issue nationwide); *see also Holdbrook v. SAIA Motor Freight Line, LLC*, 2010 U.S.

15   Dist. LEXIS 29377 at *2 (D. Colo. Mar. 8, 2010).  As *Falley* acknowledged, the injustice of

16   adopting the *Twombly* and *Iqbal* standard for affirmative defenses is particularly pronounced where,

17   as here, the affirmative defenses are to an initial pleading and the defendant has yet to have the

18   opportunity to conduct any discovery.  *See also Garberi*, 2011 U.S. Dist. LEXIS 57190 at *11.

19       Practical consideration and judicial economy also militate against applying a heightened

20   pleading standard to affirmative defenses.  Applying a heightened standard to affirmative defenses is

21   likely to force Defendant to engage in repetitive and unnecessary amendments, resulting in

22   unnecessary burden, delay and cost to all parties as well as the Court.  *See Ameristar Fence Prod.*,

23   ───────────────
     [1] Plaintiff's Motion to Strike (pp. 3-4) cites to *Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278,
24   282 (S.D. Cal. 2007).  *Anticancer*, however, is distinguishable because that holding relied heavily on
     the fact that the patent infringement affirmative defenses at issue "such as for unenforceability of a
25   patent based on...inequitable conduct before the United States Patent and Trademark Office" also
     stated claims to relief.  *Id.* at 282; *see also Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp.
26   2d 1156, 1159 (C.D. Cal. 2010) (describing *Anticancer*, 248 F.R.D. 27 as "holding *Twombly's*
     plausibility standard applies to pleadings *in patent infringement actions*, including...separate
27   affirmative defenses.") (emphasis added).  Moreover, even if *Anticancer* is interpreted to extend
     *Twombly* and *Iqbal* to affirmative defenses in some contexts, such an extension would be
28   inappropriate in the context of this case and inconsistent with the majority of recent district court
     case law in the Ninth Circuit declining to extend a heightened standard to affirmative defenses.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

DEFENDANT'S OPPOSITION TO                    5.                    Case No. 3:11-cv-00823-JM-JMA
PLAINTIFF'S MOTION TO STRIKE

1   *Inc. v. Phx. Fence Co.*, 2010 U.S. Dist. LEXIS 81468, at *1 (D. Ariz. July 15, 2010) (explaining that

2   "[a]pplication of *Twombly* and *Iqbal* to affirmative defenses would significantly change federal civil

3   practice and likely increase the burden on federal courts."); *Lane v. Page*, 2011 U.S. Dist. LEXIS

4   11636 at *30 (D.N.M. 2011) (concluding that "pragmatic concerns weigh against requiring

5   defendants to plead factual allegations supporting affirmative defenses").

6         Moreover, there are alternative means by which Plaintiff can obtain additional factual

7   information about a defendant's affirmative defenses, none of which Plaintiff attempted before filing

8   this Motion.  For example, Plaintiff is free to propound interrogatories and requests for production

9   asking for information and/or documents relating to any or all of Defendant's affirmative defenses.

10  Such discovery practices are commonplace and result in little, if any, burden to Plaintiff.

11        Finally, requiring CVS to provide detailed factual assertions in support of each of its

12  affirmative defenses is especially inappropriate in light of the vagueness and ambiguity of Plaintiff's

13  own Complaint.  Notably, Plaintiff cannot even decide in his Complaint whether he was allegedly

14  terminated due to his complaints about overtime pay or due to a completely unrelated matter

15  regarding his roll in failing to provide the proper amount of medication to a CVS customer/patient.

16  *See* Complaint, ¶¶ 37-38 (pleading these theories in the alternative).  The fact that Plaintiff, for the

17  first time, provides additional explanation as to his current theories of the case in his moving papers

18  for this Motion does not justify striking affirmative defenses asserted in good faith based on the

19  allegations as pled.  In *Vistan Corp. v. Fadei USA, Inc.*, 2011 U.S. Dist. LEXIS 47099 (N.D. Cal.

20  Apr. 25, 2011), the U.S. District Court for the Northern District of California recently denied a

21  similar motion to strike affirmative defenses as "premature" despite plaintiff's reliance on *Twombly*

22  and *Iqbal*, holding that the defendant's "***affirmative defenses, while boilerplate, are standard***

23  ***affirmative defenses, appropriate at the outset of the case before discovery has commenced.***" *Id.*

24  (emphasis added).  The *Vistan* court went onto to explain that "[g]iven that Plaintiff's Complaint is

25  vague . . . the Defendants' counterclaims provide sufficient notice of the defenses at this time." *Id.*

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE
Case No. 3:11-cv-00823-JM-JMA

**IV.    PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED BECAUSE SUCH MOTIONS ARE DISFAVORED AND EACH AFFIRMATIVE DEFENSES AT ISSUE PROVIDED PLAINTIFF WITH FAIR NOTICE**

**A.    Motions To Strike Affirmative Defenses Are Disfavored**

"As a general matter, '[m]otions to strike affirmative defenses are disfavored.'" *Lewter v. United States*, 2011 U.S. Dist. LEXIS 60080, at *3 (S.D. Cal. June 6, 2011) (quoting *Levin-Richmond Terminal Corp. v. Int'l Longshoremen's & Warehousemen's Union, Local 10*, 751 F. Supp. 1373, 1375 (N.D. Cal. 1990)). As a result, "[b]efore a motion to strike defenses may be granted, 'the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed.'" *Id*. Plaintiff is unable to satisfy this heavy burden as to any of the affirmative defenses at issue. CVS has agreed to dismiss specified affirmative defenses without prejudice to accommodate Plaintiff's concerns. However, Plaintiff's Motion to Strike is without merit as to each affirmative defense in dispute because each such defense provides Plaintiff fair notice.[2]

**B.    Each Of The Disputed Affirmative Defenses Are Properly Stated**

1.    <u>Third Affirmative Defense</u>: This affirmative defense invokes the doctrines of waiver, estoppel, unclean hands and laches. Three of these doctrines are specifically listed as appropriate affirmative defenses under Federal Rule of Civil Procedure 8(c)(1) and all are plainly stated so as to provide fair notice to Plaintiff. As described above, Plaintiff's reliance on the *Twombly/Iqbal* standard to strike this defense, and each defense below, is unwarranted. This is particularly true given the early stage of this litigation and in light of the ambiguity and alternative theories of liability pled in Plaintiff's own Complaint.

2.    <u>Fifth Affirmative Defense</u>: This affirmative defense states that Plaintiff's claims are barred by applicable statues of limitations.[3] Defendant is not bound to rely on the unverified allegations in Plaintiff's Complaint regarding the timing of his employment in asserting this affirmative defense. Moreover, this defense includes all applicable statutes of limitation,

---

[2] Plaintiff's Motion to Strike does not attack Defendant's 1st, 2nd, 15th-17th, 19th, 20th, 23rd, 24th, and 28th Affirmative Defenses. These defenses are therefore not in dispute.
[3] In this affirmative defense, there is a typographical error involving a citation to section "443" rather than "343" of the California Code of Civil Procedure, as intended. As phrased, however, this error does not affect the validity of the defense.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

7.

Case No. 3:11-cv-00823-JM-JMA

1  including *but not limited to* those stated.  At this early stage of this litigation, and in light of the

2  ambiguity and alternative theories of liability pled in Plaintiff's own Complaint, this defense meets

3  the standard set forth in Federal Rule of Civil Procedure 8(c)(1) and is necessary to prevent potential

4  waiver of the defense.

5  3.  <u>Eighth Affirmative Defense:</u>  This affirmative defense states that CVS has

6  legitimate, non-retaliatory reasons for each and every employment practice alleged to have adversely

7  affected Plaintiff.  The underlying claim for Plaintiff's third cause of action for wrongful discharge is

8  unlawful retaliation in violation of state law.  *See* Complaint, ¶¶ 35-42.  In order to establish a claim

9  for wrongful termination in violation of public policy, a plaintiff must prove that his or her

10  termination violates a fundamental public policy embodied in a statute or constitutional provision.

11  *See Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1256 (1994).  A defendant can defeat a *prima*

12  *facie* showing of retaliation under California law by affirmatively showing a legitimate, non-

13  retaliatory reason for the adverse action.  *Flait v. North American Watch Corp.*, 3 Cal. App. 4th 467,

14  476 (1992).  Plaintiff's argument that CVS failed to state an affirmative defense therefore fails.

15  4.  <u>Ninth Affirmative Defense:</u>  This affirmative defense states that, to the extent

16  any purportedly unlawful acts occurred, such acts were outside the scope of the authority of the

17  alleged CVS employee responsible.  Plaintiff infers in his Complaint that someone at CVS required

18  him to "personally, and illegally, fill[] . . . [a] patient's prescription."  *See* Complaint, ¶ 38.  This

19  allegation, among others, makes this affirmative defense relevant to Plaintiff's claims.  The defense

20  is also appropriate given the early stage of this litigation and in light of the ambiguity and alternative

21  theories of liability pled in Plaintiff's own Complaint.

22  5.  <u>Tenth Affirmative Defense:</u>  This affirmative defense asserts contributory

23  negligence which is a widely-recognized affirmative defense specifically cited in Federal Rule of

24  Civil Procedure 8(a)(1).  As phrased, this defense places Plaintiff on fair notice of the defense and

25  Plaintiff's complete reliance on application of the *Twombly/Iqbal* heightened pleading standard is

26  unfounded for the reasons detailed above.

27  6.  <u>Eleventh Affirmative Defense:</u>  This affirmative defense states that Plaintiff

28  failed to exhaust appropriate internal remedies.  Contrary to Plaintiff's assertion, this is an

1    appropriate affirmative defense.  For example, Plaintiff's underlying retaliation claim will require

2    that he prove an adverse employment action.  Defendant can defeat a *prima facie* showing on this

3    element if it can show that Plaintiff could have avoided the decision that Plaintiff asserts constitutes

4    an adverse employment action by exhausting internal remedies.  *See Brooks v. City of San Mateo*,

5    229 F.3d 917, 930 (9th Cir. Cal. 2000) (noting that if an "evaluation could well have been changed

6    on appeal, it was not sufficiently final to constitute an adverse employment action").  The defense is

7    also stated in plain terms and provides fair notice as required, and thus, Plaintiff's Motion to Strike it

8    is without merit.

9           7.    Twelfth Affirmative Defense:  This affirmative defense involves the avoidable

10   consequences doctrine.    The avoidable consequences doctrine is a widely-recognized affirmative

11   defense in California in both contract and tort actions.  *See State Dept. of Health Services v. Super.*

12   *Ct.*, 31 Cal. 4th 1026, 1043-44 (Cal. 2003) (noting that the "doctrine is applied in the law of

13   contracts . . . is recognized as a rule of damages with wide application in civil cases generally . . .

14   [and] has been applied to workplace torts.").  As a result, contrary to Plaintiff's assertion, it can and

15   should apply to Plaintiff's claims here.

16          8.    Thirteenth Affirmative Defense:  This affirmative defense asserts that to the

17   extent that Plaintiff suffered any emotional and/or mental distress, it was proximately caused by

18   factors other than any act or omission of CVS.  Plaintiff's only ground for striking this defense,

19   which is raised by Plaintiff's own Complaint alleging mental anguish and emotional harm, is that it

20   fails to meet the *Twombly/Iqbal* heightened pleading standard.  Plaintiff's basis for striking this

21   defense is therefore unfounded for the same reasons detailed above.

22          9.    Fourteenth Affirmative Defense:    This affirmative defense, pled on

23   information and belief, states that Plaintiff failed to mitigate his damages.    This pleading is

24   sufficient, particularly at this early stage in the litigation, to provide Plaintiff with fair notice of the

25   defense and prevent waiver.

26          10.   Twenty-First Affirmative Defense:  This affirmative defense asserts the after-

27   acquired evidence defense.  Plaintiff's only ground for striking this defenses is that it fails to meet

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE                    9.                Case No. 3:11-cv-00823-JM-JMA

1  the *Twombly/Iqbal* heightened pleading standard.  It is therefore unfounded for the reasons detailed

2  above, particularly given the fact that CVS has yet to have the opportunity to conduct discovery.

3        11.    <u>Twenty-Sixth Affirmative Defense:</u>  This affirmative defense asserts the

4  widely-recognized affirmative defense of accord and satisfaction.  Again, Plaintiff's only ground for

5  striking this defenses is that it fails to meet the *Twombly/Iqbal* heightened pleading standard.

6  Plaintiff's basis for striking this defense is therefore unfounded for the same reasons detailed above.

7        12.    <u>Twenty-Seventh Affirmative Defense:</u>  This affirmative defense asserts that

8  Plaintiff violated his core duties as an employee.  The defense, as pled, provides Plaintiff fair notice,

9  particularly given the pre-discovery stage of this litigation, and in light of the ambiguity and

10  alternative theories pled in Plaintiff's own Complaint.  This defense is also appropriate in light of the

11  negligent conduct – discussed in Plaintiff's own Complaint – that led to Plaintiff's termination.

12  **V.   CONCLUSION**

13      Plaintiff's Motion to Strike is unfounded, premature and represents an unnecessary

14  expenditure of the time and resources of all parties involved.  The Court should not grant Plaintiff's

15  Motion as doing so would prejudice CVS by forcing it to engage in endless future amendments or

16  potential waiver of affirmative defenses that it has every right to assert at this early stage in the

17  litigation.  As an accommodation to Plaintiff, CVS does not oppose the Court's dismissal of its

18  Fourth, Sixth, Seventh, Eighteenth, Twenty-Second and Twenty-Fifth Affirmative Defenses without

19  prejudice to CVS's ability to re-raise those defenses if appropriate in the future.  As to all other

20  affirmative defenses, CVS requests that the Court deny Plaintiff's Motion to strike, as each

21  affirmative defense at issue is properly pled and provides Plaintiff fair notice, particularly given the

22  pre-discovery stage of this litigation.

23  Dated: June 13, 2011

24

25  JODY A. LANDRY
    JOSHUA D. LEVINE

26  LITTLER MENDELSON
    A Professional Corporation

27  Attorneys for Defendant
    CVS PHARMACY, INC.

28

Firmwide:102168736.1 057985.1052

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

10.

Case No. 3:11-cv-00823-JM-JMA