# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY MEAS,<br><br>   vs.                Plaintiff,<br><br>CVS PHARMACY, INC.,<br><br>                          Defendant. | CASE NO. 11cv0823 JM(JMA)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br>Ct. Dkt. 9 |

Pursuant to Fed.R.Civ.P. 12(f), Plaintiff Roy Meas ("Meas") moves to strike 18 of the 28 affirmative defenses asserted by Defendant CVS Pharmacy, Inc. ("CVS"). CVS partially opposes the motion. Pursuant to L.R. 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to strike is granted in part and denied in part.

## BACKGROUND

On April 19, 2011 CVS removed this diversity action from the Superior Court of the State of California, County of San Diego. (Ct. Dkt. 1). Plaintiff was employed by Longs Drug Stores, Inc. ("Longs") as a full-time pharmacy technician from February 2007 until the acquisition of Longs by CVS. (Comp. ¶¶7, 8). As a pharmacy technician his primary duties included entering information from a patient's prescription into a computer system and scanning the actual prescription. The computer system then creates a label showing, among other things, the quantity of the drug to be given to the

patient, based upon the doctor's prescription and the quantity of the drug "for which the patient's insurance will pay at one time." (Compl. ¶6). After the pharmacy technician completes these tasks, the pharmacist reviews the prescription, places the proper amount of the medication in the container, and the pharmacist places the filled prescription in an area to be picked up by the consumer. Id. While employed at Longs, "Plaintiff was not assigned to a particular store but worked short stints at various stores primarily filling in for other technicians who were ill or on vacation." (Compl. ¶7). Longs employed a scheduler to assign Plaintiff to his different work locations. (Compl. ¶10).

CVS acquired Longs in early 2009. (Compl. ¶8). Initially, Plaintiff worked fewer days with CVS but he "was back to full time in 2010 earning over $30,000 for that year." (Compl. ¶10). Unlike the procedures at Longs, Plaintiff "was required to call around to various stores and/or wait to be called by an individual store's management to get his assignments." Id.

Beginning in November 2010, Plaintiff noticed that he had not been compensated for all hours worked. Despite CVS's alleged policy of paying overtime to employees on holidays, Plaintiff worked Veterans Day and Christmas Day 2010 without being paid overtime. (Compl. ¶¶1 15,17). On several other occasions, Plaintiff alleges that he was not fully compensated for all hours worked. (Compl. ¶¶11-13). When Plaintiff complained to management about the underpayment of wages, CVS explained that it considered Plaintiff a part-time worker and that only full-time employees were paid holiday overtime. (Compl. ¶15).

"In early January 2011, Plaintiff received a prescription from a patient for five pills of a particular antibiotic." (Compl. ¶22). The patient's insurance would only pay for three pills and the computer system produced a label for only three pills. "The pharmacist counted out three pills and bagged the medication to be picked up by the patient." The patient called to complain about receiving only three pills. Plaintiff explained to the individual that the insurance would only pay for three pills. "The patient was not satisfied with Plaintiff's explanation and complained to CVS

management." (Compl. ¶25).

On January 12, 2011, the CVS district manager, Elizabeth Perles, called Plaintiff and "told him that he was suspended and should not come in to work on January 14th as he had been rescheduled." (Compl. ¶27). The next day, Plaintiff was asked to come to the office to talk with Ms. Perles. At that meeting he was informed that "his employment was terminated and he was given $300 in cash which he was told was a portion of his final wages." (Compl. ¶28). The reason given for his termination "was his alleged gross negligence in failing to properly fill the above mentioned patient's prescription." Id.

Based upon the above generally described conduct, Plaintiff alleges four claims for (1) failure to pay wages due, (2) improper deductions from earned wages, (3) wrongful discharge in violation of public policy, and (4) violations of Cal. Labor Code §201 (for failure to pay overtime wages for working on Veterans Day and Christmas Day). On April 15, 2011, CVS filed an answer to the complaint in the San Diego Superior Court asserting, among other things, 28 affirmative defenses. Plaintiff now moves to strike 18 of those affirmative defenses.

## DISCUSSION

**Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." Whittlestone, Inc. V. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F2d. 1524, 1527 (9th Cir. 1993, rev'd on other grounds 510 U.S. 517 (1994)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 924, 827 (9th Cir. 1979).

Plaintiff contends that the heightened pleading standards enunciated in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) and <u>Ashcroft v. Iqbal</u>, 566 U.S. __, 129 S.Ct. 1937, 1940 (2009) apply equally to pleading affirmative defenses. In these authorities, the Supreme Court held that a claim may not contain wholly conclusory allegations but must allege "sufficient factual material" to state a claim which is plausible on its face." <u>Iqbal</u>, 129 S.Ct. at 1940.

The parties agree that no circuit court has addressed whether a heightened pleading standard applies to affirmative defenses and that district courts are split on the issue. In support of application of the heightened pleading standard to affirmative defenses, courts have reasoned that the "same logic holds true for pleading affirmative defenses [as for pleading a complaint] - without alleging facts as part of the affirmative defenses, [a] [p]laintiff cannot prepare adequately to respond to those defenses." <u>Francisco v. Verizon South, Inc.</u>, 2010 WL 2990159 (E.D. VA July 29, 2010) (quoting <u>Holtzman v. B/E Aerospace, Inc.</u>, 2008 WL 2225668 (S.D. Fla. 2008)) (noting that the majority of district courts to have reached this issue have held that <u>Twombly</u> applies to affirmative defenses); <u>Anticancer Inc. V. Xenogen Corp.</u>, 248 F.R.D. 278, 282 (S.D. al. 2007) (Judge Rudi Brewster holding that <u>Twombly</u> applies to affirmative defenses because "claims, counterclaims, and cross-claims, affirmative defenses also make claims to relief").

On the other hand, courts have held that heightened pleading is not required under Rule 8(c).

> [While plaintiff contends that the pleading standard of <u>Twombly</u>]should also apply to affirmative defenses, he acknowledges that the Supreme Court has never so held. ( See Reply at 6–7.) To be sure, there is some lower court authority holding that Twombly does apply to affirmative defenses. However, the Ninth Circuit has yet to so hold, and this Court is not convinced that Twombly should also apply to affirmative defenses. Twombly addressed only Rule 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." In <u>Ashcroft v. Iqbal</u>, ––– U.S. ––––, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009), the Supreme Court reasoned that "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not 'shown' - that the pleader is entitled to relief." In contrast to the language of Rule 8(a) governing claims, the

>pertinent language of Rule 8(b) governing defenses generally provides that "in responding to a pleading, a party must ... state in short and plain terms its defenses to each claim asserted against it." See Fed.R.Civ.P. 8(b)(1)(A). Further, Fed.R.Civ.P. 8(c)(1) governing affirmative defenses in particular provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," including the various listed defenses. Neither Rule 8(b) nor Rule 8(c) contains language that precisely corresponds to Rule 8(a)'s language requiring that the pleader "show" that he is entitled to relief. Whether any of defendants' affirmative defenses have been asserted in violation of Fed.R.Civ.P. 11(b)(4) is an issue that simply is not appropriate for adjudication at this early stage of the proceedings, prior to plaintiff's propounding of discovery directed to those affirmative defenses.

Garber v. Mohammadi, 2011 WL 2076341 (C.D. Cal. Jan. 19, 2011).

Although a close issue, the court concludes that affirmative defenses are not subject to a heightened pleading standard. In addition to the technical Rule 8 argument addressed in Garber, practical and judicial economy considerations further support application of the traditional pleading standard for affirmative defenses. From a practical point of view, a plaintiff may investigate a potential claim for weeks, months, or even years before filing a complaint. To expect a defendant to investigate and to adequately prepare an answer containing all relevant affirmative defenses within 21 days of service of the complaint, Fed.R.Civ.P. 12(a)(1), would seem to be unrealistic in most cases, subject to the nature and complexities of each case. See Falley v. Friends Univ., 2011 U.S. Dist. LEXIS 40921 at *9 (D.Kan April 14, 2011). Further, a heightened pleading standard may require the court to address multiple motions to amend the answer as discovery reveals additional defenses. See Ameristar Fence Prod., Inc v. Phx. Fence Co., 2010 U.S. Dist. LEXIS 81468 at *1 (D. Ariz. July 15, 2010). These considerations, in conjunction with the disfavored nature of Rule 12(f) motions and the limited role of pleadings in federal court, see Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000), caution against the application of the heightened pleading standard to affirmative defenses.

**The Motion to Strike**

The court grants the unopposed motion to strike the fourth (res judicata and/or collateral estoppel), sixth (the exercise of managerial discretion and supported by

substantial business reasons), seventh (good faith), eighteenth (alleged conduct did not exceed the inherent risks of employment), twenty-second (all wages timely paid), and twenty-fifth (de minimis claim) affirmative defenses.

The court denies without prejudice the motion to dismiss the third (waiver and estoppel), fifth (statute of limitations), eighth (legitimate non-retaliatory reasons for the employment practices), ninth (unauthorized acts), tenth (plaintiff's negligence), eleventh (failure to exhaust), twelfth (doctrine of avoidable consequences), thirteenth (causation), fourteenth (failure to mitigate), twenty-first (after-acquired evidence), twenty-sixth (accord and satisfaction), and twenty-seventh (violation of Cal. Labor Code §2850) affirmative defenses.  In light of the disfavored nature of Rule 12(f) motions and the present inability of the court to determine whether the challenged allegations are "so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party," 5C Wright & Miller § 1380 (3d ed.2004), the court denies the motion to strike these defenses, without prejudice.

In sum, the court grants the motion to dismiss the fourth, sixth, eighteenth, twenty-second, and twenty-fifth affirmative defenses, without prejudice, and denies the motion to dismiss the third, fifth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, twenty-first, twenty-sixth, and twenty-seventh affirmative defenses without prejudice.

**IT IS SO ORDERED.**

DATED: July 14, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties